IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 8:06CR271 |
| vs. ) | |
| ) | **PRELIMINARY ORDER** |
| ROSA FLORES-TAPIA, ) | **OF FORFEITURE** |
| SANDRA LUZ VILLANUEVA BARRIOS, ) | |
| CARMINA RODRIGUEZ, ) | |
| RICARDO SOSA, ) | |
| MELECIO RANGEL, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the United States' Motion for Issuance of Preliminary Order of Forfeiture and <u>Memorandum</u> Brief (Filing No. 143). The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1. The Defendants have entered into a Plea Agreement, whereby they have agreed to plead guilty to Counts I and II of said Indictment. Count I charges the Defendants with one count of interstate transportation in aid of racketeering, in violation of 18 U.S.C. § 1952(a)(3). Count II of said Indictment sought the forfeiture, pursuant to 21 U.S.C. § 853, of $74,180.00, $8,648.00, 2001 Lexus GS300, VIN JT8BD69SG1012752, and 1992 Lincoln Towncar, VIN 1LNLM82W2NY648560, on the basis they were used or were intended to be used to facilitate said violation and/or were derived from proceeds obtained directly or indirectly as a result of the commission of said violation.

2. By virtue of said pleas of guilty, the Defendants forfeit their interest in the subject properties, and the United States should be entitled to possession of said properties, pursuant to 21 U.S.C. § 853.

IT IS ORDERED:

A.  The United States' Motion for Issuance of Preliminary Order of Forfeiture (Filing No. 143) is hereby sustained.

B.  Based upon Count II of the Indictment and the Defendants' pleas of guilty, the United States Marshal for the District of Nebraska ("Marshal") is hereby authorized to seize the following-described properties:   $74,180.00, $8,648.00, 2001 Lexus GS300, VIN JT8BD69SG1012752, and 1992 Lincoln Towncar, VIN 1LNLM82W2NY648560.

C.  The Defendants' interest in said properties is hereby forfeited to the United States of America for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).

D. The aforementioned forfeited properties are to be held by the Marshal in his secure custody and control.

E.  Pursuant to 21 U.S.C. § 853(n)(1), the Marshal forthwith shall publish at least once for three successive weeks in a newspaper of general circulation, in the county where the subject properties are situated, notice of this Order, notice of the Marshal's intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendants, having or claiming a legal interest in any of the subject forfeited properties must file a Petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

F.  Said published notice shall state the Petition referred to in Paragraph E., above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the properties, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the

Petitioner's right, title or interest in the subject property and any additional facts supporting the Petitioner's claim and the relief sought.

G. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property subject to this Order as a substitute for published notice as to those persons so notified.

H. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

ORDERED this 27th day of March, 2007.

**BY THE COURT:**

S/ Laurie Smith Camp
**United States District Court**